```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TARELL T. HOLLOWAY, 483024,

                    Plaintiff,
                                              ORDER
          -against-                           No. 21-CV-5011(JS)(JMW)

SUFFOLK COUNTY CORRECTIONAL
FACILITY, Medical; JOHN DOE,
Suffolk County Medical Unit;
JOHN DOE, PBMC; JOHN DOE, Stony
Brook Medical;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Tarell T. Holloway, pro Se
                    483024
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances.
```

SEYBERT, District Judge:

On or around September 27, 2021 and while incarcerated, pro se plaintiff Tarell T. Holloway ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Correctional Facility, Medical (hereafter, "the Jail") and three "John Does" (hereafter, the "John Doe Defendants"), who are alleged to be employed at the Jail's Medical Unit, the Peconic Bay Medical Center,[1] and the Stony Brook Medical

---

[1] Although Plaintiff names "PBMC", the Court understands this to be the Peconic Bay Medical Center which is located at the address Plaintiff provides for PBMC in the Complaint. (Compl., ECF No. 1 at ¶ I. B.)

1

Center, respectively. (See Complaint, ECF No. 1.) Together, with his Compliant, Petitioner filed an application to proceed in forma pauperis ("IFP") (hereafter, the "IFP Application") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA") (hereafter, the "PLRA Form"). (See IFP Application, ECF No. 2; PLRA Form, ECF No. 3.) For the reasons that follow, Plaintiff's: (1) IFP Application is GRANTED; (2) claims against the Jail are DISMISSED WITH PREJUDICE; and (3) claims against the John Doe Defendants are DISMISSED WITHOUT PREJUDICE.

BACKGROUND[2]

Plaintiff alleges that, on March 31, 2021 at approximately 1:30 p.m., he sprained his pinky finger while playing basketball during recreation time. (Complaint at ¶ II (Statement of Claim).) He alleges that he informed "rec yard staff" that he needed to "see Medical." (Id.) Plaintiff describes his hand as being swollen. (See id.) Plaintiff was seen by the Jail doctor who determined that Plaintiff's pinky finger was sprained. (Id.)

Following days of Plaintiff's complaints of pain and loss of feeling in his pinky finger, Plaintiff was taken to the Emergency Room on April 3, 2021, where he was diagnosed with a

---

[2] In commencing this action, Plaintiff used the Court's form complaint for Civil Rights actions under Section 1983. The "BACKGROUND" facts are taken from Plaintiff's Complaint. Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

dislocated pinky finger, rather than a sprain. (Id.)

Plaintiff alleges that he suffers from numbness in his right hand and arm for which he seeks to recover a damages award in the sum of five million dollars due to "not receiving medical treatment in a reasonable amount of time and for future side effects . . . [as well as] pain and suffering and mental anguish." (Id. ¶¶ II.A., III.)

Plaintiff has annexed an eight-page handwritten document to his Complaint entitled "Claim" wherein Plaintiff elaborates on the information set forth in the Complaint form. (Id. at 6-13.) There, Plaintiff adds that he did not receive any pain medication when he visited the Jail doctor and alleges that, at that time, the doctor examined his fingers and hand but did not take X-rays. (Id. at 6.) According to Plaintiff, on April 2, 2021 at approximately 9:15 a.m., he was called to the Jail's Medical Unit and, following an X-ray, was again diagnosed with a sprained pinky finger. (Id. at 8.) On April 3, 2021, Plaintiff was seen by the Jail doctor twice and, at approximately 4:15 p.m., he was taken to the Emergency Room due to his complaints of pain and numbness. (Id. at 8-9.) Plaintiff claims that the Emergency Room doctor diagnosed his injury as a dislocation, rather than a sprain, and ordered Plaintiff to see a hand specialist within three days. (Id. at 9.) Approximately three weeks later, Plaintiff was taken to a hand specialist at Peconic Bay Medical Center who referred

3

Plaintiff for physical therapy. (Id.)

Plaintiff alleges that he was taken to Stony Brook Medical Center two times per week for three weeks for hand therapy. (Id.) However, because Plaintiff was not improving, the treatment provider at Stony Brook Medical Center allegedly surmised that Plaintiff had nerve damage and referred Plaintiff for an MRI. (Id.) Accordingly, Plaintiff describes that the Jail medical staff sent Plaintiff back to Peconic Bay Medical Center for an MRI but, once there, the examining doctor opined that Plaintiff was not suffering from nerve damage and declined to take an MRI. Rather, Plaintiff contends that the doctor opined that Plaintiff needed surgery but stated that "he didn't feel comfortable doing it because [Plaintiff was] in Jail but if another doctor wanted to do the surgery he was ok with it." (Id. at 9-10.) Plaintiff claims that, as of the September 27, 2021 filing of the Complaint, he has not had an MRI, has not had surgery, and "is still having problems with [his] hand and pinky finger." (Id. at 10.)

As a result of the foregoing, Plaintiff claims that the "Suffolk County Medical Staff has violated my Constitutional Eighth Amendment [right] when they sent me back to my housing unit in pain instead of sending me to the hospital." (Id. at 12.) Plaintiff alleges that he suffered "cruel and unusual punishment for 3 days because [he] wasn't giving adequate medical care for 3 whole days. The Medical Staff failed to provide [Plaintiff]

4

treatment for a diagnosed finger injury." (Id.) Plaintiff claims that his injury has "affected me mentally to the point that I can't sleep at night because the pain is too much to handle. I wake up in the night to numbness to my right hand and my pinky finger all the way up my right arm." (Id. at 13.) Plaintiff also claims to suffer physical effects in that he cannot "hold anything heavy for more than five minutes without my hand shaking or going numb." (Id.) Plaintiff also claims that he cannot fully open his hand and suffers from numbness when gripping or writing. (Id.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP Application (ECF No. 2) is GRANTED.

II. Legal Standards

A. Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, among other things, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable

5

basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "But the 'special solicitude' in pro se cases[] has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

    B.   Section 1983

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

6

> party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. § 1915

A. Claims Against the Jail

The Jail is a non-suable entity because, "'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Sturgis v. Suffolk County Jail, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (Seybert, J.) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); Griffin v. Fludd, No. 19-CV-0107, 2019 WL 3253181, at *3 (E.D.N.Y. July 18, 2019)(Seybert, J.) (dismissing Section 1983 claims against the Nassau County Jail with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)). Therefore, Plaintiff's claims against the Jail are implausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

7

B. <u>Claims Against Suffolk County</u>

Given Plaintiff's <u>pro se</u> status, the Court construes the Complaint against Suffolk County (the "County"). It is well-established that a municipality, like the County, cannot be held liable under Section 1983 on a <u>respondeat superior</u> theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y. City</u>, 436 U.S. 658, 691 (1978); <u>Agosto v. N.Y.C. Dep't of Educ.</u>, 982 F.3d 86, 98 (2d Cir. 2020) ("<u>Monell</u> expressly prohibits <u>respondeat superior</u> liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." <u>Tafolla v. County of Suffolk</u>, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.) (quoting <u>Littlejohn v. City of N.Y.</u>, 795 F.3d 297, 314 (2d Cir. 2015)). To establish the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, <u>i.e.</u>, officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

8

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the Complaint, there are no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivations. (See Complaint, generally.) Indeed, there are no allegations from which the Court could reasonably construe a plausible Section 1983 claim against the County. Thus, to the extent Plaintiff asserts any Section 1983 claims against Suffolk County, those claims are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading defects identified herein regarding his claims against the County.

    C.   Claims Against the John Doe Defendants

To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement

9

of a defendant fails as a matter of law and should be dismissed. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). Moreover, as set forth above, a plausible Section 1983 claim must allege that "the challenged conduct was attributable at least in part to a person who was acting under color of state law." See supra at 7 (quoting Rodriguez, 2020 WL 1875291, at *2).

Here, Plaintiff does not include sufficient factual allegations such that the identities of the intended individuals could be ascertained. (See Complaint, generally.) Nor are Plaintiff's allegations sufficient to establish that the individuals alleged to work at Peconic Bay Medical Center and at Stony Brook Medical are state actors. A private actor may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents'", Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)), or who "conspire[d] with a state actor to violate a plaintiff's constitutional rights." Christin Griskie, LLC v. Big Mach. Recs., No. 15-CV-3186, 2015 WL 3949015, at *4 (E.D.N.Y. June 29, 2015) (Seybert, D.J.) (citing Ciambriello, 292 F.3d at 323-24)). In turn, in order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party [or actor]; (2) to act in concert to inflict an unconstitutional injury; and

10

(3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Moreover, even construing the Complaint liberally, Plaintiff's allegations do not set forth a plausible deliberate indifference claim as a result of the alleged delay and/or denial of adequate medical attention in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (See id.)  To state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind.³  Paschal-Barros v. Balatka, No. 20-CV-3150, 2021 WL 5268000, *1 (2d Cir. Nov. 12, 2021).  Prison officials and other state actors who act with mere negligence will not be held liable for constitutional violations because "any [Section] 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." Darnell v. Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon

---

³ Although Plaintiff did not indicate in the Complaint whether he is a sentenced prisoner or a pretrial detainee at the time of the challenged conduct, he has alleged that his Section 1983 claims arise under the Eighth Amendment.  Because a convicted prisoner's deliberate indifference claim arises under the Eighth Amendment, the Court has considered Plaintiff's claims accordingly.  However, if Plaintiff is a pretrial detainee, his deliberate indifference claims would arise under the Fourteenth Amendment's due process clause.  Any Amended Complaint should include such information.

11

Med. Assocs. of N.Y., 15-CV-7351, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under Section 1983, see Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006); nor does a difference of opinion regarding what constitutes an appropriate response and treatment. Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010). Accordingly, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice and/or negligence, in state court.

Plaintiff's claims against the John Doe Defendants "must be dismissed because Plaintiff does not allege any facts showing that anything that [they] personally did or failed to do violated Plaintiff's rights." Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4 (S.D.N.Y. Aug. 3, 2021). Further, Plaintiff does not allege that the state of mind of any of the John Doe Defendants was sufficiently culpable. Accordingly, Plaintiff's claims against the John Doe Defendants are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). Plaintiff is GRANTED leave to file an Amended Complaint to address the pleading deficiencies identified herein regarding his claims

12

against the John Doe Defendants.

V. Leave to Amend

In light of Plaintiff's pro se status, **Plaintiff is GRANTED leave to file an Amended Complaint in accordance with this Order within 45 days from the date of this Order.** In his Amended Complaint, Plaintiff may continue to name individuals as "John Doe" or "Jane Doe" if he does not now know their identities. However, Plaintiff must include factual allegations relating to the acts or omissions of the John Doe Defendants that give rise to his claims as well as descriptive information, such as when and where these acts or omissions occurred, for purposes of ascertaining the identities of the John Doe Defendants. The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the case number, No. 21-CV-5011(JS)(JMW). Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.

**PLAINTIFF IS WARNED: No extensions of this deadline will be granted absent extraordinary circumstances. PLAINTIFF IS FURTHER CAUTIONED: If an Amended Complaint is not filed within 45 days from the date of this Order and/or fails to address the pleading deficiencies identified herein, the Court may dismiss this action with prejudice.** Alternatively, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any

13

valid claims, including medical malpractice and/or negligence, in state court.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(A) Plaintiff's IFP Application (ECF No. 2) is GRANTED;

(B) Plaintiff's claims against the Jail are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b);

(C) Plaintiff's claims against Suffolk County and the John Doe Defendants are dismissed WITHOUT PJREUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1);

(D) Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with the guidance set forth above within 45 days from the date of this Order. The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear the same case number as identified in this Order, No. 21-CV-5011(JS)(JMW). **PLAINTIFF IS WARNED that if he does not file an Amended Complaint within 45 days from the date of this Order, judgment may enter and this case may be dismissed without further notice;**

(E) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not

    be in good faith and therefore IFP status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

(F) the Clerk of the Court shall mail a copy of this Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

**SO ORDERED.**

           /s/ JOANNA SEYBERT
           Joanna Seybert, U.S.D.J.

Dated: November 16th, 2021
     Central Islip, New York