UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TARELL T. HOLLOWAY,

                       Plaintiff,

                                   <u>ORDER</u>
       -against-                  21-CV-5011(JS)(JMW)

ERROL D. TOULON, JR., Sheriff;
SUFFOLK COUNTY CORRECTIONAL
FACILITY; JOHN/JANE DOE, Medical
Dept. Suffolk County Corr. Fac.;
JANE/JOHN DOE, New York State/Suffolk
County; RICHARD GILBERT, Hand
Specialist of Peconic Bay Medical
Center;

                       Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:     Tarell Holloway, <u>Pro Se</u>
                  483024
                  Suffolk County Correctional Facility
                  110 Center Drive
                  Riverhead, New York 11901

For Defendants:    No Appearances.


SEYBERT, District Judge:

        By Order dated November 16, 2021, the Court granted the application of <u>pro se</u> plaintiff Tarell Holloway ("Plaintiff"), currently incarcerated at the Suffolk County Correctional Facility ("the Jail"), to proceed <u>in forma pauperis</u> ("IFP") and <u>sua sponte</u> dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (<u>See</u> Order, ECF No. 8.) Plaintiff was granted leave to file an Amended Complaint; on December 17, 2021, he did so. (<u>See</u> Am. Compl., ECF No. 10.) Upon review, the Court finds that

Plaintiff has not alleged a plausible claim for relief.
Accordingly, for the reasons set forth in the November 16, 2021
Order, and for the reasons that follow, Plaintiff's claims brought
pursuant to 42 U.S.C. § 1983 ("Section 1983") in the Amended
Complaint are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A(b).  The Court declines to exercise supplemental
jurisdiction over any remaining state law claims and such claims
are DISMISSED WITHOUT PREJUDICE.

BACKGROUND[1]

I.   Plaintiff's Original Complaint and
     the Court's November 16, 2021 Order

On or around September 27, 2021, Plaintiff filed a pro
se Complaint pursuant to Section 1983 against the Jail and three
"John Does" who were alleged to be employed at the Jail's Medical
Unit, the Peconic Bay Medical Center, and the Stony Brook Medical
Center, respectively (the "John Does"), along with an application
to proceed IFP and a Prisoner Authorization form pursuant to the
Prison Litigation Reform Act ("PLRA").  (Compl., ECF No. 1; IFP
App., ECF No. 2; PLRA Form, ECF No. 3.)

Plaintiff complained that he was deprived adequate
medical care following an injury to his pinky finger allegedly

---

[1] Excerpts from the Complaint and Amended Complaint are reproduced
here exactly as they appear in the original.  Errors in spelling,
punctuation, and grammar have not been corrected or noted.

2

sustained during a basketball game at the Jail during recreation time.  (Compl., ECF No. 1, at ¶ II.)

By Order dated November 16, 2021, the Court carefully considered Plaintiff's claims and, even upon a liberal construction, concluded that he had not alleged a plausible claim. (See Order, ECF 8, in toto.)  Specifically, the Court dismissed Plaintiff's claims against the Jail with prejudice because, as an administrative arm of the municipality Suffolk County ("the County"), the Jail has no independent legal identity; therefore, the Jail could not be sued.  (Id. at 7.)  In an abundance of caution and in light of Plaintiff's pro se status, the Court also considered whether the Complaint alleged a plausible claim when construed against the County and concluded that it did not.  (Id. at 8-9.)  Indeed, the Court explained that a plausible Section 1983 claim requires that a plaintiff show "'how that the challenged acts were performed pursuant to a municipal policy or custom.'" (Id. at 8 (quoting Tafolla v. County of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.); further citation omitted).)  Further, the Court made clear that, "[t]o establish the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused

the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policymaking officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

(Id. at 8 (quoting Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up)).)

Moreover, with regard to Plaintiff's claims against the unidentified individuals, the Court considered whether Plaintiff had sufficiently alleged the personal involvement of each such individual in the alleged constitutional deprivation and concluded that he had not. (See Order, ECF 8, at 9-10.) As the Court explained, "[a] complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed." (Id. at 9-10 (citing Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010)).)

In addition, because Section 1983 liability requires that "the challenged conduct was attributable at least in part to a person who was acting under color of state law" (id. at 10 (citation omitted)), the Court dismissed Plaintiff's claims against the individuals alleged to work at Peconic Bay Medical Center ("PBMC") and at Stony Brook Medical Center ("SBMC"). (Id. Wholly absent were any allegations sufficient to reasonably find

4

that such individuals: were state actors; were "willful participants in joint activity with the State;" or "conspired with a state actor to violate [P]laintiff's constitutional rights." (Id. at 10 (citations omitted).)

Finally, the Court found that Plaintiff's allegations did "not set forth a plausible deliberate indifference claim as a result of the alleged delay and/or denial of adequate medical attention in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." (See Order, ECF No. 8, at 11.) The Court explained that "[t]o state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind." (Id. (citation omitted).) Indeed, the Court instructed that: "Prison officials and other state actors who act with mere negligence will not be held liable for constitutional violations because any [Section] 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." (Id. at 11 (quoting Darnell v. Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017) (internal quotation marks omitted)).) Applying these standards, the Court dismissed Plaintiff's deliberate indifference claims because Plaintiff did "not allege any facts showing that anything [each individual] personally did or failed to do violated Plaintiff's rights" or "that the state of mind of any of the John Doe Defendants was

sufficiently culpable." (Id. at 12 (internal quotation marks and citation omitted).)

In granting leave to amend the Complaint, the Court made clear that the Amended Complaint must "address the pleading deficiencies identified herein regarding his claims against the John Doe Defendants." (Order, ECF No. 8, at 12-13.) Further, the Court warned that "Plaintiff must include factual allegations relating to the acts or omissions of the John Doe Defendants that give rise to his claims as well as descriptive information, such as when and where these acts or omissions occurred, for purposes of ascertaining the identities of the John Doe Defendants." (Id. at 13.)

II.  The Amended Complaint[2]

On December 17, 2021, Plaintiff timely filed an unsigned Amended Complaint that continues to seek liability against the Jail and adds as defendants: Sheriff Toulon; New York State; Suffolk County; Richard Gilbert ("Dr. Gilbert"); Jane/John Doe

---

[2] Given that Plaintiff's Amended Complaint is unsigned, it is not properly before the Court. See FED. R. CIV. P. 11(a) (instructing that all pleadings must be signed by the party if the party is not represented by an attorney). However, given Plaintiff's pro se status, the Court has reviewed the Amended Complaint and finds, as explained herein, that it suffers from the same substantive deficiencies as the original Complaint. See Harris v. Admin. for Child. Servs., No. 20-CV-6832, 2021 WL 972361, at *1, n.1 (S.D.N.Y. Jan. 26, 2021) (accepting pro se plaintiff's unsigned amended complaint for purposes of sua sponte screening pursuant to 28 U.S.C. § 1915), appeal dismissed, No. 21-586, 2021 WL 4167372 (2d Cir. Aug. 10, 2021).

Medical Department at SCCF; and Jane/John Doe New York State/Suffolk County (collectively, "Defendants"). (Am. Compl., ECF No. 10, at 1-2.) Like the original Complaint, the Amended Complaint complains that Plaintiff did not receive adequate medical care for his injured pinky. (Id., in toto.)

According to the Amended Complaint, Plaintiff, "a federal pretrial detainee . . . awaiting sentencing,"[3] injured his right pinky finger on March 31, 2021 while playing basketball during yard time. (Am. Compl. at 3.) Plaintiff alleges that he "heard a pop" and informed "John Doe" officer that he hurt his pinky and asked to be taken to "medical". (Id. at 3-4.) Plaintiff next alleges that he was seen by a nurse, "Jane Doe", who examined his pinky and said that "the pinky look[s] broken" but a doctor would have to make that determination. (Id. at 4.) Plaintiff alleges that he "had to wait to be seen" by a doctor, Dr. John Doe, who examined Plaintiff's finger and concluded it was sprained. Plaintiff claims that he complained to the doctor that he could not feel his pinky and that "the swelling was getting worse." (Id.) Although Plaintiff asked to go to the emergency room for an

---

[3] Having pled guilty before the undersigned to Count One in the felony charging indictment, Plaintiff is a convicted inmate. See United States v. Holloway, No. 20-CR-00469(JS), Jan. 11, 2021 Minute Entry (ECF No. 10) (E.D.N.Y. Jan. 22, 2021) (changing plea to guilty). He currently awaits sentencing. See id., Nov. 17, 2021 Elec. Scheduling Order (adjourning sentencing until April 15, 2022).

X-ray, Plaintiff claims that the doctor sent him "back to his dorm without any type of treatment for the injury, no ice nor pain meds." (Id.)

Plaintiff alleges that he complained "to every 'John Doe' that worked the dorm about him not being able to move his pinky and discomfort." (Am. Compl. at 5.) According to his allegations, Plaintiff "was sent to Peconic Bay Medical Center to be evaluated after 3½ days of complaining about not having movement and discomfort along with swelling." (Id.) Plaintiff alleges that an X-ray taken at PBMC revealed that his pinky was "dislocated" and, as a result, Plaintiff was referred to a hand specialist, Dr. Gilbert. (Id.) Plaintiff claims that Dr. Gilbert told Plaintiff that he did not feel comfortable treating Plaintiff because Plaintiff is in Jail and, instead, referred Plaintiff for physical therapy. (Id. at 5-6.) Plaintiff further alleges that although Dr. Gilbert explained that surgery could also be done "to fix the problem", he did not "feel comfortable doing it" and that "since [] Plaintiff was being treated by someone at Stonybrook Medical Center, [] Plaintiff needed to go back [. . .] there." (Id. at 6.) Plaintiff alleges that he was taken to SBMC where a hand specialist, Dr. Wang, performed "right small finger proximal interphalangeal surgery" on December 3, 2021. (Id.)

As a result of the foregoing, Plaintiff seeks to recover a damages award in the sum of $5 million "for pain and suffering

and for future side effects that will occure." (Id.)

DISCUSSION

I.   Legal Standards

    A.   Consideration of the Amended Complaint
        Pursuant to 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an in forma pauperis complaint or amended complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, among other things, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "But the

9

'special solicitude' in pro se cases[] has its limits –- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

     B.   Section 1983

       Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

II.  Application of 28 U.S.C. § 1915

    A.   Claims Against the Jail

        As a threshold matter, the Court already dismissed Plaintiff's claims against the Jail with prejudice because it is a non-suable entity. (See Order, ECF No., 8 at 7-8.) Cf. Griffin v. Fludd, No. 19-CV-0107, 2019 WL 3253181, at *3 (E.D.N.Y. July 18, 2019) (Seybert, J.) (dismissing Section 1983 claims against the Nassau County jail with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b) because, as an administrative arm of the Nassau County, the jail was a non-sueable entity). Because, "'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Sturgis v. Suffolk County Jail, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (Seybert, J.) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)), Plaintiff's claims against the Jail are implausible; therefore, these claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

    B.   Claims Against Suffolk County

        Similarly, given Plaintiff's pro se status, the Court liberally construed Plaintiff's Complaint as against the municipality, Suffolk County, and concluded that Plaintiff did not sufficiently allege a plausible Section 1983 claim against it.

11

(See Order, ECF No. 8, at 8-9.)   As the Court already explained, the County "cannot be held liable under Section 1983 on a respondeat superior theory" and a "plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom."   (Id. at 8 (internal quotation marks and citations omitted).)

Notwithstanding the Court's clear guidance concerning the minimum requirements to plausibly allege a Section 1983 claim against the County, Plaintiff has failed to do so.   Even when liberally construing the Amended Complaint, there are simply no factual allegations that a municipal policy or custom existed which caused the alleged constitutional deprivations. (See Am. Compl., in toto.)   Like the original Complaint, the Amended Complaint is wholly devoid of any allegations from which the Court can reasonably construe a plausible Section 1983 claim against the County.   Thus, Plaintiff's Section 1983 claims against Suffolk County claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

C.   Claims Against Sheriff Toulon

To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.   Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).   In Iqbal, the Supreme Court held that "[b]ecause vicarious liability

is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Toulon as a Defendant in the caption of his Amended Complaint, Plaintiff includes no factual allegations of conduct or inaction attributable to Sheriff Toulon.  (See Am. Compl., in toto.) Indeed, Sheriff Toulon is not mentioned at all in the body of the Amended Complaint.  (See id.)

To the extent Plaintiff seeks to impose Section 1983 liability on Sheriff Toulon given the supervisory position he holds, the Second Circuit has made clear that there is "no special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020).  Rather, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability."  Id. at 620.  However, after affording Plaintiff an opportunity to "allege the personal involvement of the defendant in the alleged constitutional deprivation" (Order,

13

ECF No. 8, at 9), Plaintiff has not done so.  Accordingly, in the absence of any allegations against Sheriff Toulon in the Amended Complaint, Plaintiff's Section 1983 claims against Sheriff Toulon are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

   D.   Claims Against Dr. Gilbert

      As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law.  (See supra at 10.) Thus, private parties are not generally liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."  Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted).  Like the original Complaint, the Amended Complaint does not allege that Dr. Gilbert is a state actor.

      As the Court explained in its November 2021 Order dismissing Plaintiff's Section 1983 claims against the "John Doe" alleged to work at PMBC, "private actors may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a willful participant in joint activity with the State or its agents, or who conspires with a state actor to violate a plaintiff's constitutional rights."  (Order, ECF No. 8, at 10 (internal quotation marks and citations omitted).)  In order to

14

state a Section 1983 conspiracy claim, a plaintiff must allege:
"(1) an agreement between a state actor and a private party; (2)
to act in concert to inflict an unconstitutional injury; and (3)
an overt act done in furtherance of that goal causing damages."
Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir.
2002) (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.
1999)).

Notwithstanding the Court's guidance in its November
2021 Order, in his Amended Complaint, Plaintiff does not include
any allegations such that the Court could reasonably find state
action by Dr. Gilbert. Accordingly, in the absence of state
action, Plaintiff's Section 1983 claim against Dr. Gilbert is not
plausible; therefore, this claim is DISMISSED pursuant to 28 U.S.C.
§§ 1915(e)(2)(b)(ii); 1915A(b).

E.   Claims Against the "John Doe" Defendants

Finally, although the Court made clear that, "[t]o state
a claim for relief under Section 1983 against an individual
defendant, a plaintiff must allege the personal involvement of the
defendant in the alleged constitutional deprivation" (Order, ECF
No. 8, at 9-10), Plaintiff has not sufficiently alleged conduct or
inaction by any individual Defendant. (See Am. Compl., in toto.)
"Because vicarious liability is inapplicable to . . . [Section]
1983 suits, a plaintiff must plead that each Government-official
defendant, through the official's own individual actions, has

15

violated the Constitution." Iqbal, 556 U.S. at 676. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Moreover, as in the original Complaint, Plaintiff's allegations in his Amended Complaint fail to set forth a plausible deliberate indifference claim as a result of the alleged delay and/or denial of adequate medical attention in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (See Am. Compl., in toto.) To state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind, i.e., the charged official acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." Paschal-Barros v. Balatka, No. 20-3150-CV, 2021 WL 5268000, *1 (2d Cir. Nov. 12, 2021) (Summary Order) (internal quotation marks and citation omitted). Prison officials and other state actors who act with mere negligence will not be held liable for constitutional violations because "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." Darnell v. Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon Med. Assocs. of N.Y., No. 15-CV-7351, 2017 WL

16

2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing <u>Darnell</u>, 849 F.3d at 36). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under Section 1983. <u>See Salahuddin v. Goord</u>, 467 F.3d 263, 280 (2d Cir. 2006). Further, a difference of opinion regarding what constitutes an appropriate response and treatment is not enough to state an actionable claim of deliberate indifference. <u>Ventura v. Sinha</u>, 379 F. App'x 1, 2-3 (2d Cir. 2010).

As a threshold matter, Plaintiff's alleged pinky injury is not sufficiently serious. <u>See Price v. Koenigsmann</u>, No. 19-CV-4068, 2022 WL 125818, at *6 (S.D.N.Y. Jan. 13, 2022) ("[M]inor injuries, such as a broken finger, have consistently been held to fall below the objective level of harm required to maintain a claim for deliberate indifference under the Eighth Amendment."); <u>see also Norman v. Mount Vernon Hosp.</u>, No. 17-CV-9174, 2020 WL 4432063, at *8 (S.D.N.Y. July 31, 2020) ("'[B]roken finger [alone] does not constitute a serious enough injury to satisfy the objective prong of the deliberate indifference test.'") (quoting <u>Laguna v. Kwan</u>, No. 13-CV-7079, 2015 WL 872366, at *4 (S.D.N.Y. Jan. 28, 2015) (collecting cases); <u>Magee v. Childs</u>, No. 04-CV-1089, 2006 WL 681223, at *4-5 (N.D.N.Y. Feb. 27, 2006) (finding that the

plaintiff's pleading failed to state a cognizable deliberate medical indifference claim because an allegation that the plaintiff suffered a broken finger did not satisfy the objective element), report and recommendation adopted, 2006 WL 1555588 (N.D.N.Y. June 6, 2008); Rivera v. Johnson, No. 95-CV-0845, 1996 WL 549336, at *2 (W.D.N.Y. 1996) ("A broken finger, without more, simply does not present a condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection."). Indeed, Plaintiff alleges that he suffered only "discomfort", and experienced "numbness" and "swelling." (Am. Compl., at 4-5.)

Even assuming that the alleged injury to Plaintiff's finger constitutes a sufficiently serious medical condition, Plaintiff's allegations concerning the initial misdiagnosis of his injury, the failure to provide ice or pain medication immediately following his injury, or the delay in medical treatment at the hospital do not rise to the level of deliberate indifference. See Harris v. Westchester County Med. Ctr., No. 08-CV-1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) (first quoting Anderson v. Lapolt, No. 9:07-CV-l 184, 2009 WL 3232418, at *13 (N.D.N.Y. Oct. 1, 2009) (regarding alleged misdiagnosis, finding that without more, "[a]llegations of negligent treatment and misdiagnosis do not state a cause of action under the Eighth Amendment"); then citing Burgess v. County of Rensselaer, No. l:03-CV-00652, 2006 WL

18

3729750, at *8 (N.D.N.Y. Dec. 18, 2006) ("[A] claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under section 1983." (internal quotations and citation omitted))).

Further, the alleged three- or four-day delay in sending Plaintiff to the hospital for X-rays does not deprive Plaintiff of his Eighth Amendment right to be free from cruel and unusual punishment. See Miller-Harris v. Dinello, No. 16-CV-0541, 2018 WL 5728115, at *5 (N.D.N.Y. Aug. 7, 2018) ("[A] delay in providing an x-ray for [a hand fracture] injury of two weeks does not rise to a level sufficient to establish medical indifference"), report and recommendation adopted, 2018 WL 4204245 (N.D.N.Y. Sept. 4, 2018); see also Ocasio v. Deluke, No. 08-CV-0051, 2010 WL 6001595, at *14 (N.D.N.Y. Sept. 3, 2010) (finding a delay of approximately one month in performing x-ray did not constitute an inordinate amount of time sufficient to rise to a level of constitutional significance), report and recommendation adopted, 2011 WL 864898 (N.D.N.Y. Mar. 8, 2011). Similarly, the alleged delay in having the surgery "does not violate the constitution unless it involves an act or failure to act that evinces a conscious disregard of a substantial risk of serious harm." Price, 2022 WL 125818, at *7. Critically, Plaintiff alleges only that Dr. Gilbert declined to perform the surgery because Plaintiff was already being treated by a doctor at SBMC and because of Plaintiff's incarceration. Neither

19

reason proffered by Plaintiff suggest that the delay was in "conscious disregard of a substantial risk of serious harm." Id.; (cf. Am. Compl. at 6.)

Finally, insofar as Plaintiff alleges the failure to provide ice or pain medication constituted cruel and unusual punishment, the Court disagrees. See Laurent v. Edwin, 528 F. Supp. 3d 69, 87 (E.D.N.Y. 2021) ("A claim based on an inmate's disagreement with the defendant['s] medical judgment as to the proper course of treatment cannot support a constitutional claim for deliberate indifference."); Norman, 2020 WL 4432063, at *10 ("[T]he decision to prescribe medication, or not, is a medical determination." (internal quotation marks and citation omitted)). In sum, Plaintiff has not plausibly alleged either a sufficiently serious constitutional deprivation or that the John Does acted with deliberate indifference, see Prince, 2022 WL 125818, at *6; (cf. Am. Compl., in toto); hence, his deliberate indifference claims fail. Thus, since Plaintiff's allegations do not rise to the level of cruel and unusual punishment under the Eighth Amendment, his Section 1983 deliberate indifference claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

* * *

To the extent the Amended Complaint can be construed to assert any state law claims, i.e., a claim for negligence, the Court declines to exercise supplemental jurisdiction over any such

claims and DISMISSES them WITHOUT PREJUDICE.   See 28 U.S.C. §
1367(c)(3); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350
(1988); see also Delaney v. Bank of Am. Corp., 766 F.3d 163, 170
(2d Cir. 2014) ("In general, where the federal claims are dismissed
before trial, the state claims should be dismissed as well.").

III. Leave to Amend

     A pro se plaintiff should ordinarily be given the
opportunity "to amend at least once when a liberal reading of the
complaint gives any indication that a valid claim might be stated."
Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (internal
quotation marks and citation omitted).  Here, Plaintiff has already
been afforded that opportunity.  "[P]articularly where, as here,
plaintiff has been afforded an opportunity to replead along with
substantial guidance from the district court as to nature of such
an amendment, and the plaintiff fails to provide any facts which
arise to a cognizable claim, dismissal is appropriate." Foulke v.
Donahoe, No. 10-CV-4061, 2011 WL 7111450, at *2 (E.D.N.Y. Dec. 20,
2011), report and recommendation adopted sub nom., Foulke v.
Potter, 2012 WL 259929 (E.D.N.Y. Jan. 27, 2012) (dismissing the
pro se plaintiff's amended complaint that was "little different
from [the] plaintiff's initial complaint").  Moreover, for the
reasons set forth herein, Plaintiff's Eighth Amendment claims are
not plausible; therefore, further amendment would be futile.
Hence, the Court declines to permit further amendment.  Kim v.

Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (cleaned up) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend.").

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Section 1983 claims are dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that any remaining state law claims are dismissed without prejudice;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **ENTER JUDGMENT** and mark this case **CLOSED**;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order, together with a copy of the Court's November 16, 2021 Order (ECF No. 8), to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

**SO ORDERED.**
 /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March 21, 2022
        Central Islip, New York